J-A12026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                            :          PENNSYLVANIA
                            :

             v.                   :
                            :
                            :

TARIK BAGLEY                :
                            :
          Appellant     :    No. 1580 EDA 2022

Appeal from the PCRA Order Entered May 26, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000553-2011

BEFORE:  OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:          **FILED OCTOBER 17, 2023**

Appellant Tarik Bagley appeals from the order denying his second Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant argues that the PCRA court erred in denying his petition without a hearing and claims that he properly asserted the newly-discovered fact exception to the PCRA time bar which merited discovery concerning the ongoing Internal Affairs investigation of misconduct by Detectives Gaul and Verrecchio.  We affirm.

The underlying facts of this case are well known to the parties.  ***See Commonwealth v. Bagley***, 878 EDA 2013, 2014 WL 10965804 (Pa. Super. filed April 30, 2014) (unpublished mem.).  Briefly, Appellant was convicted of first-degree murder after a shooting in 2010.  On March 11, 2013, the trial court imposed an aggregate sentence of life imprisonment without the

---

[1] 42 Pa.C.S. §§ 9541-9546.

possibility of parole. After this Court affirmed Appellant's judgment of sentence on April 30, 2014, our Supreme Court denied further review on August 24, 2014. *See id.*, *appeal denied*, **Commonwealth v. Bagley**, 99 A.3d 75 (Pa. 2014). Appellant did not file a petition for writ of *certiorari* with the Supreme Court of the United States.

The PCRA court set forth the remaining procedural history as follows:

On August 5, 2015, [Appellant] filed a timely *pro se* [PCRA] petition. On November 15, 2015, [Appellant], through retained counsel, filed an amended PCRA petition. On January 22, 2016, the Commonwealth filed a motion to dismiss. After [the PCRA court] dismissed the petition, the Pennsylvania Superior Court affirmed the dismissal on May 16, 2017. [**Commonwealth v. Bagley**, 2419 EDA 2016, 2017 WL 2130305 (Pa. Super. filed May 16, 2017) (unpublished mem.).]

On August 27, 2021, [Appellant], through counsel, filed the instant PCRA petition, his second, alleging a pattern of police misconduct by Detectives Thomas Gaul and John Verrecchio. On September 17, 2021, [Appellant] filed a discovery motion, and the Commonwealth disclosed the District Attorney and homicide files. On October 14, 2021, the Commonwealth disclosed to [Appellant] that Detectives Thomas Gaul and John Verrecchio were currently being investigated for alleged police misconduct. On November 3, 2021, [Appellant] filed a supplemental discovery motion and a motion for leave to supplement his petition and discovery motion after he reviewed the homicide and the District Attorney case files. On April 14, 2022, after [Appellant] elected not to supplement this petition or motion, [the PCRA court] held oral argument. On April 26, 2022, [the PCRA court] issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907.

PCRA Ct. Op., 5/26/22, at 1-2 (formatting altered).

The PCRA court entered an order denying Appellant's PCRA petition on May 26, 2022. Appellant filed a timely notice of appeal. Although the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises the following issues for our review:

1. Did the [PCRA] court err in not holding a PCRA evidentiary hearing, where there [were] serious **Brady**[2] violations and [after[3]] discovered evidence claims in the court below?

2. Where police misconduct of two detectives was at the heart of the **Brady** and [after] discovered evidence claims, did the [PCRA] court err in not permitting discovery of those detectives' Internal Affairs investigation?

Appellant's Brief at 2.[4, 5]

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

[3] We note that although Appellant refers to "newly discovered evidence" in his statement of questions, his sole claim is that he met the after-discovered evidence test, providing him a basis for relief under Section 9543(a)(2) of the PCRA. Therefore, for the purposes of clarity, we have modified Appellant's statement of questions accordingly.

[4] Despite identifying only two questions for appellate review, the argument section of Appellant's brief is divided into at least three sections. **See** Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). We do not condone Appellant's failure to comply with the Rules of Appellate Procedure, but because the noncompliance does not impede our review, we decline to find waiver on this basis. **See, e.g.**, **Commonwealth v. Levy**, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver where the appellant's failure to comply with the Rules of Appellate Procedure did not impede this Court's review).

[5] On March 31, 2023, Appellant also filed a motion for extension of time, wherein Appellant requested an additional thirty days to file a reply brief. On April 4, 2023, this Court entered an order granting Appellant an extension of time to file a reply brief and directing that Appellant's reply brief was to be filed on or before April 28, 2023. Order, 4/4/23. Appellant filed his reply brief fourteen days late on May 12, 2023. Appellant has provided no explanation for why he filed his reply brief fourteen days after the deadline established by this Court. Accordingly, we shall not consider his reply brief when reaching a decision on this appeal. **See Commonwealth v. Ibrahim**, 127 A.3d 819, 825 n.3 (Pa. Super. 2015) (declining to consider the Commonwealth's reply
*(Footnote Continued Next Page)*

In his first claim, Appellant argues that the PCRA court erred in denying his PCRA petition without a hearing because there was after-discovered evidence concerning police misconduct. *Id.* at 13. In support, Appellant contends that the Commonwealth disclosed that Detectives Gaul and Verrecchio were under investigation by the Philadelphia Police Department's Internal Affairs for coercing statements from witnesses. *Id.* at 18. Appellant further asserts "that there is sufficient smoke which reflects the type of fire akin to that which has been raging under Detectives Gaul and Verrecchio." *Id.* Appellant then lists several cases from the Court of Common Pleas of Philadelphia County and the United States District Court for the Eastern District of Pennsylvania in which alleged misconduct on the part of Detectives Gaul and Verrecchio took place. *See id.* at 18-30. Appellant concludes that this Court should remand the matter for the PCRA court to conduct an evidentiary hearing. *Id.* at 31.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

_____

brief that was filed seven days late without explanation aside from "boilerplate allegations").

- 4 -

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 5 -

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2).[6] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

In the instant case, this Court affirmed Appellant's judgment of sentence on April 30, 2014. Our Supreme Court denied Appellant's petition for allowance of appeal on August 26, 2014, and appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States. *See* *Bagley*, 99 A.3d at 75. Therefore, Appellant's judgment of sentence became final ninety days later on November 24, 2014. *See* U.S. Sup. Ct. Rule 13; 42 Pa.C.S. § 9545(b)(1). Appellant's instant PCRA petition, filed on August 27, 2021, is therefore facially untimely. Accordingly, Appellant bears the burden of establishing that one of the timeliness exceptions applies. *Albrecht*, 994 A.2d at 1094.

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he

---

[6] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Due diligence requires that the petitioner take reasonable steps to protect his own interests. ***Id.*** A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. ***Id.*** The focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts. ***See Commonwealth v. Lopez***, 249 A.3d 993, 1000 (Pa. 2021). Further, the newly-discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of the underlying after-discovered evidence claim. ***Commonwealth v. Small***, 238 A.3d 1267, 1286 (citation omitted) (Pa. 2020).

Our Supreme Court has repeatedly stated that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in [Section] 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)." ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017). It is well settled that a ***Brady*** claim may fall within the governmental interference and newly-discovered fact exceptions to the PCRA time bar. ***Commonwealth v. Natividad***, 200 A.3d 11, 28 (Pa. 2019). With respect to the newly-discovered fact exception at Section 9545(b)(1)(ii), the petitioner must establish that "the facts upon which the ***Brady*** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence." ***Id.*** However, the

Section 9545(b)(1)(ii) newly discovered fact exception does not have the same requirements as a *Brady* claim, as it "does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." *Id.*

Here, in its Rule 907 notice, the PCRA court explained:

> While you can establish the newly-discovered fact exception with the Commonwealth's October 14, 2021, disclosure that Detectives Verrecchio and Gaul are currently subject to an ongoing Internal Affairs investigation, you have failed to raise any issue of material fact. Therefore, no hearing is required.

PCRA Ct. Rule 907 Notice, 4/26/22, at 2.

In its opinion accompanying its order denying Appellant's PCRA petition, the PCRA court reiterated that Appellant "satisfied the newly-discovered fact exception [based on] the Commonwealth's October 14, 2021 disclosure of the ongoing investigation of Detectives Gaul and Verrechio." PCRA Ct. Op. at 6; *see also* 42 Pa.C.S. § 9545(b)(1)(ii). While the PCRA court concluded that Appellant satisfied his burden to establish an exception to the PCRA's jurisdictional time bar, it found that he was nonetheless not entitled to relief on the merits of his after-discovered evidence claim, as contemplated by Section 9543(a)(2) of the PCRA. *See* PCRA Ct. Op. at 9-10; 42 Pa.C.S. § 9543(a)(2).

Based on our review of the record, we find that the PCRA court erred when it concluded that Appellant met the newly-discovered fact exception to

the PCRA's jurisdictional time bar. **See Sandusky**, 203 A.3d at 1043; 42 Pa.C.S. § 9545(b)(1)(ii). As noted previously, the newly-discovered fact timeliness exception at Section 9545(b)(1)(ii) "is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)." **Burton**, 158 A.3d at 629.

Here, Appellant did not engage in a newly-discovered fact analysis under Section 9545(b)(1)(ii) in either his PCRA petition[7] or in his brief. **See** PCRA Pet., 8/27/21, at 29 (unpaginated) (reflecting Appellant's claim that he is entitled to a new trial based on the three-part test for a substantive after-discovered evidence claim under Section 9543(a)(2)(vi)); **see also** Appellant's Brief at 31 (arguing that he is entitled to a new trial based on Section 9543(a)(2)(vi), but failing to address the jurisdictional requirements for the timeliness exception at Section 9545(b)(1)(ii)). To the extent Appellant claims that he is entitled to relief based on Section 9543(a)(2)(vi), we note that Section 9543(a)(2)(vi) is not an exception to the PCRA time bar. **See Burton**, 158 A.3d at 628 (explaining that a Section 9543(a)(2)(vi) after-discovered evidence claim, raised in a timely PCRA petition, is distinct from the newly-discovered fact exception to the PCRA's time limitations under

---

[7] We note that after the Commonwealth disclosed the information concerning police misconduct, Appellant requested additional time to file a supplemental PCRA petition. Appellant's Unopposed Motion for Extension of Time, 12/22/21. The PCRA court granted Appellant's petition and directed that any supplemental PCRA petitions be filed by January 28, 2022. PCRA Ct. Order, 12/28/21. However, the record reflects that Appellant never filed a supplemental PCRA petition.

Section 9545(b)(1)(ii)). Accordingly, because Appellant failed to plead and prove an exception to the PCRA time bar, we conclude that the PCRA court did not have jurisdiction to address Appellant's substantive claims. *See id.* at 629; *see also Albrecht*, 994 A.2d at 1094 (stating that it is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies"); *Ballance*, 203 A.3d at 1031 (stating that "no court has jurisdiction to hear an untimely PCRA petition"). Therefore, although we agree with the PCRA court that Appellant is not entitled to relief, we do so for different reasons.[8] Accordingly, we affirm.

Order affirmed.[9] Application for relief denied. Jurisdiction relinquished.

Judge Olson concurs in the result.

Judge McLaughlin concurs in the result.

---

[8] It is well settled that this Court may affirm the order from which an appeal was taken for any reason that is supported by the record. *Commonwealth v. Charleston*, 94 A.3d 1012, 1028 (Pa. Super. 2014).

[9] On March 31, 2023, Appellant filed an application for relief requesting that we remand this matter for the PCRA court to address Appellant's after-discovered fact claim. On April 4, 2023, this Court filed an order deferring Appellant's application to the merits panel. In light of our disposition and conclusion that Appellant's underlying PCRA petition was untimely, the PCRA court was without jurisdiction to address Appellant's PCRA petition. *See Ballance*, 203 A.3d at 1031 (stating "no court has jurisdiction to hear an untimely PCRA petition"). Accordingly, we DENY Appellant's application for relief.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/17/2023</u>